## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

Ellie Sternquist,

    Plaintiff

v.

Humble Hearts LLC,

    Defendant

Case No.: 2:19-cv-00448-JAD-BNW

**Order Granting in Part Motion for Default Judgment**

[ECF No. 15]

Plaintiff Ellie Sternquist sues Humble Hearts LLC for age discrimination and retaliation under various federal and state laws after she was fired.[1] Humble Hearts has failed to appear in this action since Sternquist filed her complaint more than two years ago. The Clerk of Court entered default against Humble Hearts, and Sternquist moves for a default judgment and for attorneys' fees.[2] Taking her complaint's allegations as true and applying the factors articulated in *Eitel v. McCool*,[3] I find that default judgment is warranted exclusively for Sternquist's age-discrimination claims under 29 U.S.C. § 623 and NRS § 613.330 et seq., but not her remaining claims. I deny Sternquist's request for attorneys' fees as premature and because it does not comply with Local Rule 54-14. And I direct the Clerk of Court to enter default judgment in the amount of $26,175.00 against Humble Hearts and close this case.

## Background

Sternquist began working for Humble Hearts in December 2017 as the Clinical Director of the Adolescent Intensive Outpatient Program.[4] Before being hired, she informed Humble

---

[1] ECF No. 1.
[2] ECF No. 15.
[3] *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).
[4] ECF No. 1 at ¶ 13.

Hearts that, while she was qualified for the job, she did not yet have a Nevada license.[5] Early on in her tenure, Sternquist noticed unethical practices at the company, violations of the Health Insurance Portability and Accountability Act (HIPAA), and other safety issues, and she repeatedly brought her concerns to her program manager's attention.[6] Shortly after sending an email memorializing her concerns to Humble Hearts' director, however, she was fired—purportedly because the company wanted someone with "different credentials."[7] Sternquist theorizes that this stated reason was mere pretext: she had not been reprimanded or received negative evaluations, and she was terminated because she was over 40 years old and because she raised concerns.[8]

      So Sternquist filed a complaint against Humble Hearts, alleging age discrimination and unlawful retaliation under Nevada and federal law.[9] On March 22, 2019, Sternquist served Humble Hearts with the summons and complaint, only to receive radio silence from the defendants.[10] Because Humble Hearts failed to appear in this action, the Clerk of Court entered default against the company on December 9, 2019.[11] Sternquist now moves for default judgment against Humble Hearts and for an award of attorneys' fees.[12]

---

[5] *Id.* at ¶¶ 14–15.
[6] *Id.* at ¶¶ 18–19, 21, 27, 29.
[7] *Id.*
[8] *Id.* at ¶¶ 16, 33–34.
[9] ECF No. 1.
[10] ECF No. 4.
[11] ECF No. 12.
[12] ECF No. 15.

2

**Discussion**

**I.      Sternquist merits default judgment on some, but not all, of her claims.**

     **A.      Default-judgment standard**

Federal Rule of Civil Procedure 55(b)(2) allows a plaintiff to obtain a default judgment after the Clerk of Court enters default based on a defendant's failure to defend.  After default is entered, the complaint's factual allegations are taken as true, except "necessary facts not contained in the pleadings," facts related to damages, and insufficiently pled claims.[13]  In exercising the discretion to determine whether to grant a motion for default judgment, trial courts are guided by the seven factors outlined by the Ninth Circuit in *Eitel v. McCool*:

> (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.[14]

     **B.      The *Eitel* factors weigh in favor of granting default judgment in part.**

          ***1.      The first, fifth, sixth, and seventh Eitel factors***

In cases like this one, in which the defendants have not participated in the litigation, the first, fifth, sixth, and seventh *Eitel* factors are easily satisfied.  The first factor clearly weighs in favor of default judgment—if I were to deny her motion, Sternquist would be without another recourse of recovery or remedy, incurring significant prejudice.  And the fifth and sixth factors either weigh in favor of default judgment or are neutral.  Due to Humble Hearts' failure to participate, there is no dispute over material facts (except as to damages) and no indication that

---

[13] *See Cripps v. Life Ins. Co.*, 980 F.2d 1261, 1267 (9th Cir. 1992); *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917 (9th Cir. 1987).

[14] *Eitel*, 782 F.2d at 1471–72.

default is due to excusable neglect. Although the seventh factor generally weighs against default judgment because cases "should be decided on their merits whenever reasonably possible,"[15] it is outweighed by the other factors here.

### 2. The second and third <u>Eitel</u> factors

The second and third *Eitel* factors require Sternquist to demonstrate that she may recover under her stated claims.[16] "Of all the *Eitel* factors, courts often consider the second and third factors to be the most important."[17] Sternquist seeks recovery for (1) age discrimination in violation of N.R.S. § 613.330, 29 U.S.C. § 623, and 42 U.S.C. § 2000e; (2) retaliation in violation of 42 U.S.C. § 2000e–3 and N.R.S. § 613.340; and (3) retaliatory discharge in violation of public policy.[18] After accepting as true all of the facts alleged in her complaint, I find that Sternquist can only recover under 29 U.S.C. § 623 and NRS § 613.330.

#### a. Age-discrimination claims

Sternquist seeks relief under two federal statutes and one Nevada statute for workplace discrimination, each of which offers a different path to recovery. 42 U.S.C. § 2000e, better known as Title VII, prohibits employment discrimination based on race, color, religion, sex, and national origin.[19] It provides no recovery for age-based discrimination.[20] NRS § 613.330 is

---

[15] *Eitel*, 728 F.2d at 1472.

[16] *See Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978).

[17] *Vietnam Reform Party v. Viet Tan – Vietnam Reform Party*, 416 F. Supp. 3d 948, 962 (N.D. Cal. 2019).

[18] ECF No. 1.

[19] 42 U.S.C. § 2000e–2.

[20] *Smith v. City of Jackson, Miss.*, 544 U.S. 228, 232 (2005) ("During the deliberations that preceded the enactment of the Civil Rights Act of 1964, Congress considered and rejected proposed amendments that would have included older workers among the classes protected from employment discrimination.") (citation omitted).

"almost identical" to Title VII, except that it allows recovery for age-based discrimination.[21] Courts apply the same analysis for both claims,[22] requiring a plaintiff to show that she (1) belongs to a protected class; (2) was qualified for the position; (3) was subject to an adverse employment action; and (4) was similarly situated to individuals outside of her protected class that were treated more favorably than she was or that her employer terminated her with a discriminatory motive.[23] Likewise, 29 U.S.C. § 623—otherwise known as the Age Discrimination in Employment Act—permits a plaintiff to recover for workplace discrimination if she can show that, at the time of the challenged conduct, "she was at least forty years old" and "performing her job satisfactorily," only to be "discharged"  and (1) "either replaced by a substantially younger employee with equal or inferior qualifications" or (2) "discharged under circumstances otherwise giving rise to an inference of age discrimination."[24]  "An inference of discrimination can be established by showing [that] the employer had a continuing need for the employee['s] skills and services in that their various duties were still being performed . . . or by showing that others not in their protected class were treated more favorably."[25]

Sternquist cannot recover under Title VII because age is not a protected class under the statute.  But she can recover under the ADEA and Nevada law.  The Ninth Circuit has held that a plaintiff who alleges in her complaint that she is over 40, "received consistently good performance reviews[,]" and was "terminated from employment while younger workers in the

---

[21] *Apeceche v. White Pine Cnty.*, 615 P.2d 975, 977 (Nev. 1980); Nev. Rev. Stat. § 613.330.

[22] *Id.* at 977–78.

[23] *Reynaga v. Roseburg Forest Prod.*, 847 F.3d 678, 690–91 (9th Cir. 2017) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)).

[24] *Sheppard v. David Evans & Assoc.*, 694 F.3d 1045, 1049 (9th Cir. 2012) (alterations and citation omitted).

[25] *Id.* at 1049–50 (citation omitted).

same position kept their jobs" states an "entirely plausible scenario of employment discrimination."[26] Sternquist's allegations adequately check those boxes. She alleges that (1) she was at least 40 years old, a protected class under both laws;[27] (2) she had not received any discipline during her employment; (3) she was qualified for the job; (4) she was discharged by Humble Hearts; and (4) no other similarly situated persons were terminated, giving rise to an inference of age-based discrimination.[28]

### b.     Retaliation claims

Sternquist alleges that Humble Hearts retaliated against her because she opposed and expressed concerns about its HIPAA and Medicaid fraud violations. Retaliation claims under 42 U.S.C. § 2000e–3 and NRS § 613.340 requires the plaintiff to demonstrate that (1) she engaged in a protected activity; (2) she suffered an adverse employment action; and (3) "a causal link exists between the protected activity and the adverse action."[29] Under these statutes, "protected activity" is defined somewhat narrowly; relevant here, both Nevada and state law require a plaintiff to prove that her protected activity involved opposition to "any practice made an unlawful employment practice."[30] Reporting HIPAA and Medicaid violations do not fall within the ambit of protected activity under either law, as they do not involve those laws' protections

---

[26] *Id.* at 1050 (alterations and citation omitted).

[27] *See* Nev. Rev. Stat. § 613.350(3) ("It is not an unlawful employment practice for an employer to fail or refuse to hire or to discharge a person . . . on the basis of his or her age if the person is less than 40 years of age."); 29 U.S.C. § 623(a) ("The prohibitions in this chapter shall be limited to individuals who are at least 40 years of age.").

[28] *See Sheppard*, 694 F.3d at 1050 (internal quotations omitted).

[29] *Manatt v. Bank of Am.*, 339 F.3d 792, 800 (9th Cir. 2003) (citation omitted).

[30] 42 U.S.C. § 2000e–3; *see also* Nev. Rev. Stat. § 613.340 (making "oppos[ing] any practice made an unlawful employment practice by NRS 613.310 to 613.4383" a protected activity).

against discrimination on the basis of "race, color, religion, sex, or national origin,"[31] or "sexual orientation, gender identity or expression, age, disability or national origin."[32] In short, HIPAA and Medicaid violations, although arguably unethical, do not give rise to Title VII or NRS § 613.330 retaliation claims. Thus, Sternquist's retaliation claims lack merit.

### c.   *Claims for retaliatory discharge in violation of public policy*

Sternquist asserts that she was also terminated in violation of public policy because she complained about Humble Hearts' HIPAA violations.[33] To prevail under Nevada law for such a claim, a plaintiff must show that her termination was "based upon the employee's refusing to engage in conduct that was violative of public policy or upon the employee's engaging in conduct which public policy favors[.]"[34] Nevada imposes an additional requirement that the plaintiff must have reported the illegal activity to the appropriate authorities, and not just to her employer.[35] While Sternquist satisfies the first requirement, she fails to satisfy the second because she only internally reported the illegal activities to Humble Hearts' employees and the previous owner, and not to the appropriate authorities. Thus, her retaliatory discharge claims lack merit.

---

[31] 42 U.S.C. § 2000e–2.

[32] Nev. Rev. Stat. § 613.330.

[33] ECF No. 1 at ¶¶ 67, 74, 81.

[34] *Bailey v. Sw. Gas Co.*, 275 F.3d 1181, 1187 (9th Cir. 2002) (quoting *Bigelow v. Bullard*, 901 P.2d 630, 632 (Nev. 1995)).

[35] *Wiltsie v. Baby Grand Corp.*, 774 P.2d 432, 433–44 (Nev. 1989) (finding that the plaintiff was not protected because he "chose to report the activity to his supervisor rather than the appropriate authorities" and was thus "merely acting in a private or proprietary manner") (citations omitted); *Bielser v. Pro. Sys. Corp.*, 177 F. App'x 655, 656 (9th Cir. 2006) (finding that the plaintiff's failure to report to the proper authorities was "fatal to her tortious[-]discharge claim").

In sum, Sternquist has shown that some, but not all, of her claims have merit and that her complaint is sufficient to warrant recovery. But complete recovery under all theories of injury is not required for entry of default judgment. So I find that the second and third *Eitel* factors weigh in favor of granting her motion.

### 3.   *The fourth Eitel factor*

Sternquist seeks $26,175.00 in lost wages and $10,000.00 in punitive damages.[36] *Eitel*'s sum-of-money factor requires me to consider the amount of money at stake in relation to the seriousness of Humble Heart's conduct.[37] Default judgment is disfavored if the sum of money at stake is "completely disproportionate or inappropriate"[38] or if the plaintiff cannot recover her damages under the laws for which she seeks a remedy.[39] Because I find that Sternquist can only recover under the ADEA and NRS § 613.330, which do not authorize punitive damages, she may be awarded compensatory damages only.[40] So while I necessarily decline to award her $10,000 in punitive damages, I do find that Sternquist's requested amount of $26,175.00 in lost wages is proportional to her injury. Age discrimination is a serious violation of both state and federal law, and Sternquist has adequately proven that the requested amount is what she reasonably would

---

[36] ECF No. 15–1.

[37] *Twentieth Century Fox Film Corp. v. Streeter*, 438 F. Supp. 2d 1065, 1071 (D. Ariz. 2006) (quoting *PepsiCo. Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1176 (C.D. Cal. 2002)).

[38] *Id.*

[39] *See, e.g.*, *Ahlmeyer v. Nev. Sys. of Higher Educ.*, 555 F.3d 1051, 1059 (9th Cir. 2009) ("Compensatory damages for pain and suffering and punitive damages are not available under the ADEA").

[40] *Id.*; *see also Stilwell v. City of Williams*, 831 F.3d 1234, 1247 (9th Cir. 2016) ("ADEA plaintiffs may recover lost wages and liquidated damages from employers"); *Sands Regent v. Valgardson*, 777 P.2d 898, 900 (Nev. 1989) (finding that "[u]nder NRS 613.420 and NRS 233.170, respondents were entitled to 'back pay for a period not to exceed two years after the date of the most recent unlawful practice.'").

have earned at Humble Hearts from the time of her termination until she secured other employment.[41]  Therefore, this factor weighs in favor of default judgment.

## II.     An award of attorneys' fees is premature.

This court's Local Rule 54-14 requires a host of back-up documentation to be submitted in support of an attorneys' fees request, and it provides that the "[f]ailure to provide [that] information . . . may be deemed a consent to the denial of the motion."[42]  Because Sternquist did not support her fees request with the information that the local rule requires, I deny it without prejudice.

### Conclusion

IT IS THEREFORE ORDERED that the plaintiff's motion for default judgment [**ECF No. 15**] **is GRANTED IN PART** as stated herein.

IT IS FURTHER ORDERED that Sternquist's request for attorneys' fees is **DENIED** without prejudice.  The Clerk of Court is directed to **ENTER JUDGMENT** in favor of plaintiff on her **29 U.S.C. § 623 and NRS § 613.330 claims in the amount of $26,175.00 against Humble Hearts and CLOSE THIS CASE.**

_____
U.S. District Judge Jennifer A. Dorsey
July 23, 2021

---

[41] *See* ECF No. 15–1.
[42] L.R. 54-14(c).